IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **MIDLAND COMMUNITY THEATER, INC.** | § § § | |
| **Plaintiff** | § § | |
| v. | § § | CIVIL ACTION NO. 7:20-cv-294 |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | § § § § | |
| **Defendant** | | |

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C §§ 1332 and 1446**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Philadelphia Indemnity Insurance Company ("PIIC") hereby petitions this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Midland-Odessa Division, of the action styled *In Re: Policy of Insurance No. PHPK1746434 By and Between Philadelphia Indemnity Insurance Company, and Midland Community Theater, Inc.;* Cause No. CV56015, currently pending in the 318th Judicial District Court of Midland County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

**I.
FACTS**

1. On December 1, 2020, Plaintiff Midland Community Theater filed a pleading styled "First Amended Petition" ("Petition") in a dormant cause number in which it had previously filed an Application for Appointment of Umpire in an insurance appraisal proceeding ("Application"). In its Petition, Midland alleged that Philadelphia had breached the insurance

contract and violated common law and statutory duties of good faith and fair dealing in connection with its property insurance claim. Midland seeks economic damages, in the amount of policy benefits it alleges have been wrongfully withheld as well as consequential damages, mental anguish and attorney's fees. Midland also seeks prompt payment penalty interest pursuant to the Texas Insurance Code, treble damages, exemplary damages, costs of court, prejudgment interest and post-judgment interest. Philadelphia denies Midland's claims and denies that Midland is entitled to these benefits or damages.

2. Philadelphia was served with Plaintiff's First Amended Petition on December 1, 2020. True and correct copies of all pleadings, process, orders, and correspondence filed in this action are attached hereto as Exhibit "A" and incorporated herein by reference.

3. Contrary to the requirements of the Texas Rules of Civil Procedure, Midland has not identified in its Petition the range of damages it is seeking. However, the appraisal award it seeks to enforce in this lawsuit found that the actual cash value of the cost to repair Midland's property (i.e., the is amount of loss) is $1,949,906.23. Petition at ¶15. The amount in controversy exceeds $75,000.

4. Complete diversity exists between the Plaintiff and Philadelphia now and so existed on the date of filing of the State Court case. Plaintiff is a Domestic Non-Profit Corporation with its principal place of business in Midland, Texas. Defendant Philadelphia Indemnity Insurance Company is an insurance company incorporated in the State of Pennsylvania with its home office and principal place of business in Bala Cynwyd, Pennsylvania. Philadelphia is a citizen of the State of Pennsylvania.

5. Midland may argue that removal is barred because its Original Application for Umpire Appointment was filed on September 19, 2019, more than a year ago. Section 1446 of

the United States Code provides that, "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Rule 22 of the Texas Rules of Civil Procedure provides that an action is "commenced" by the filing of a petition. Texas courts hold that one other prerequisite to "commencing" a suit exists. The plaintiff must not only file his petition but also exercise reasonable diligence in perfecting service. *One 1991 Chevrolet Blazer, Vin No. 1GNDT13Z4M2302305 v. State*, 905 S.W.2d 443, 444 (Tex. App.—Amarillo 1995, no writ)(citing *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970); *Reed v. Reed,* 158 Tex. 298, 311 S.W.2d 628, 631 (1958)). In its Application, which is included in the pleadings attached hereto as Exhibit "A," Midland specifically averred that it was "not a lawsuit and service of citation regarding same is not required." *See* Application at ¶ 15. Midland reiterated its position that its Application "was not and is not" a lawsuit in its Response to PIIC's Motion for Reconsideration of the court's umpire appointment. *See* Response at 3. Because Midland's ex parte Application was not a petition, it cannot serve as the basis of the "commencement of this action" for purposes of removal procedure. Midland's breach of insurance contract and bad faith action was commenced on December 1, 2020 with the filing of its so-called First Amended Petition. Therefore, this removal is timely. In the alternative, Midland's filing of its claim for damages in the same dormant cause number that was originally used for its ex parte application for umpire appointment was done in bad faith to prevent Philadelphia from removing the action and the one-year bar does not apply.

6. Midland made a jury demand in the State Court case.

7. This action is a civil action which may be removed to this Court by Western Mutual pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states and wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## III.
## PROCEDURAL REQUIREMENTS

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 318th Judicial District Court of Midland County, Texas promptly after the filing of this Notice.

10. Attached hereto and incorporated herein, are the following items:

   Exhibit A:   A true and correct copy of all pleadings, process, and orders filed in this action.

   Exhibit B:   State Court docket sheet.

   Exhibit C:   List of all counsel of record.

   Exhibit D:   Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Philadelphia Indemnity Insurance Company requests that this action be removed from the 318th Judicial District Court of Midland County, Texas to the United States District Court for the Western District of Texas, Midland Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205


By:   */s/ Catherine L. Hanna*
          Catherine L. Hanna
          State Bar No. 08918280
          channa@hannaplaut.com
          Sheila S. Tan
          State Bar No. 24078047
          Email: stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY**


**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of December 2020, I electronically filed the foregoing with the Clerk of the Court for Midland County, Texas using E-File Texas which will send notification of such filing to the following:

Chris G. Lyster
Puls, Haney, Lyster, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102

Todd Hurd
Todd Hurd Associates
PO Box 1741
Burleson, Texas 76097
*Attorneys for Plaintiff*


    */s/ Catherine L. Hanna*
    Catherine L. Hanna